Supreme Court provided a holding and reasoning that control this case. The holding, the third sentence of 3584A, only applies in the context of previously imposed sentences or sentences imposed at the same time. The reasoning is that the concurrent consecutive decision is a judicial one and it doesn't belong to the executive branch. Which judicial decision do you think controls here? The controlling judicial decision is the subsequent state court judge decision that the sentence should run fully concurrently. You're talking about the one that was, what's the date of that one? Is that the one January 25, 2011? That is the modification of the original sentence. I would say that those sentences have to be read together because the initial sentence was fully concurrent. There were efforts between 2003 and 2011, every minute of which is bleeding away Mr. Eccleston's life as a consecutive sentence. Well, the point of my question is in the subsequent order it appears that the first order was vacated. Yes, it was. So I don't see how the first order has any effect anymore. It does because the second order specifically references the intent of the parties that it was to run fully concurrent. And that was, and I would refer the court to the order itself at page GER 8687 where it's, the only reason for this was that it wasn't running fully concurrently. And that the dispute between the state and the petitioner was resolved with a reduction. But it still left an effective nine years consecutive that nobody has ordered. Counsel, I have a question about judicial estoppel. One of the government's arguments is that the position being taken in federal court now is contrary to the position that your client took in state court, which was that federal relief was unavailable for this problem. And therefore state relief was required and the state court did grant relief. And specifically my question is this. The government didn't raise that earlier, but my question is whether judicial estoppel is a waivable defense. Because it's designed not for the parties but for the integrity of the court. So is that a, first of all, is it waivable? And second, regardless of your answer to that, does it apply? Yes, it's waivable. I believe that the party that is asserting the estoppel certainly is in a position to waive that. The second part of it. Even though judicial estoppel is not designed to help parties, it's designed to help the court. It's designed to protect the integrity of the system. I believe in a system that's predicated on adversarial parties that the parties would be asserting it if they believe that it was appropriate. If they don't believe it's appropriate, they don't assert it. If they don't believe it, if they don't assert it, it's waived. So I do believe it's waived. We also have no identity of parties, which is basic to any estoppel analysis. This was between the state and the petitioner. It had nothing to do with the federal government except for that the federal government had created the problem, so this was a partial remedy. But nine years is a big difference, and it's not something that is he made any kind of false statement or misleading statement. He stated. That's not a requirement of judicial estoppel, which is predicated on taking a different position before one court and then turning around and taking a second different position after you've convinced court number one. I believe that it's predicated on unfairness, and there's nothing unfair about what he did. What he did was to try to stop the roll of time that was creating a de facto longer and longer consecutive sentence. He was able to mitigate it, but he was not able to relieve it. It said nothing about his ability to try to enforce the intent of the parties that's recognized both in the initial sentence for the state court judge and in the modification where they specifically say, we were intending fully concurrent. That hasn't happened. If there's any problem with the earlier proceeding, that's between the state and the petitioner. But what this court is tasked with is looking at an executive agency that has used its executive power to create a de facto consecutive sentence that no federal judge has ordered and that thwarts the order of the state court judge. In Setzer, we have to do a reset. Taylor and Reynolds, very long opinions, very hard work trying to analyze a complicated area of law. They are no longer valid. They both are completely predicated on the proposition, the same proposition that the Bureau of Prisons asserted below, that the third sentence of 3584A applies to later imposed sentences. Setzer said no. This court in Montes Ruiz said no. And the district court in this case said no. So we have work in front of us to try to figure out how do we handle the situation that the regional council for the BOP itself called one of the most complicated and frequently misunderstood areas of law. And the cleanup that I think is appropriate here is going back to basic constitutional issues, especially the separation of powers, which this court has never ruled on in either Taylor or Reynolds, and hold that where the federal court is silent, state court speaks, that speaking is entitled to be honored and respected. That does nothing to disrespect the federal sentence. He's serving the full 417 months, 417 months. And we know from their own filings that everybody was expecting that the parole for the later state sentence would be swallowed up. He was going to be released in 2026 on parole, and his outdate in federal court is until 2028. So that was what was going to happen. There was not going to be a tail. He was going to be swallowed up with the full service of the 417 months, and that's not what's happened. The government and the BOP have done all their eggs are in one basket. They're trying to tell you hang on to that misreading of the third sentence. You can't do it. Setzer says no. Montes Ruiz says no. And I'd like to reserve the remaining time for rebuttal unless there are further questions. Thank you. Thank you. Good morning. Good morning, Your Honor. May it please the Court. Alexander Schwab on behalf of the United States. At its crux, the petitioner's argument is one about the respect that federal authorities owe to state courts. It's therefore ironic that in this case he's asking that the BOP defer to the judgment of a state court in which that judgment has itself been vacated by another state court judgment. But before getting to the mootness issue, I want to address a judicial stoppal issue that was brought up by Judge Graver previously. Because while mootness is jurisdictional, and we can't get to the merits without resolving that issue first, this case can be disposed of. Wait a minute. What's jurisdictional? Mootness is, Your Honor. To the extent that the mootness issue is unclear. Well, he didn't get the NUC-PROTUC designation, correct? That's correct. Well, so at least that aspect of it would seem not to be moot. Well, the question would be whether intervening circumstances have provided him the relief he's seeking. He's asking for a redesignation and accrediting of time spent in state custody in light of a prior state judgment. Intervening circumstances have eradicated that state judgment and provided him some relief on that score. Well, some isn't necessarily mootness of all, but I have a specific question for you. We have a case called Taylor, which said that concurrent sentences imposed by state judges are nothing more than recommendations to federal prison officials. They don't have to be followed. There's discretion. Is that aspect of Taylor, in your view, does that survive Setzer and does that survive Bond? Absolutely, Your Honor. And let me first be clear with respect to Setzer. If you were listening just to the previous argument in a vacuum, you would think the entirety of Setzer was an interpretation of the third sentence of 3584A. It's not, and it's an interpretation of the first sentence of that statute. The third sentence only appears once in the majority opinion as a whole. And that single reference is in reference to the fact that this default rule is not a matter of discretion at all. And that's at the third footnote at page 1469 of the Setzer opinion. So it simply doesn't upset the prior rulings that had to do with the third sentence. But even assume that the Petitioner is correct on this score and that basically the third sentence doesn't apply wholesale. Well, then what you're faced with is only one particular mandate to Federal authorities, which is that a Federal sentence starts when the person arrives in Federal custody. Now, at that point, we return basically back to the Del Gucci scheme that recognized that there is no possible way out of this situation at all. In other words, the fact that there might not be an ability to have this gap-filling function by the third sentence doesn't somehow empower State courts to bind Federal courts. There's nothing in the sentence or in Federal law that provides for that. But the fact of the matter is, at that point, the only resource left to the Petitioner in this case would be a non-proton designation. That was something that the BOP examined. It examined it following its own procedures. And in any event, a non-proton proceeding isn't reviewable because there isn't jurisdiction under the Jurisdiction Stripping Statute, Section 3625. But just returning very quickly to judicial estoppel, Your Honor, I did want to note that there is no privity of parties requirement. None is specified in New Hampshire v. Maine and the other Maine cases. And in fact, the Ninth Circuit somewhat recently in the Milton v. Green case, and the case citation on that is 692 F. 3rd, 983. That was a case in which there wasn't privity of parties across separate court proceedings, and obviously that isn't something that has been required in applying the principle before. Nor is it even the case that one has to receive full relief in one instance in order for judicial estoppel to be invoked in the second instance. That would be conflating judicial estoppel with the mootness doctrine, and that's simply not the case. As Your Honor pointed out, it's about the integrity of the courts. And on a similar vein, I also want to point out here, and I concede entirely this was not raised in the district court, but the abuse of the writ doctrine applies also here. In fact, in the habeas context, abuse of the writ and judicial estoppel are very close, aren't they? They're almost the same thing. I mean, the same ground that supports judicial estoppel would support abuse of the writ, wouldn't it? The fundamental animating principle, yes, Your Honor, is all about basically protecting the integrity of the courts. And here it's not simply about the prejudice that would be suffered by the government by the fact that this issue was previously resolved by the Third and Tenth Circuits, but the fact that those circuits' judgments are due some measure of deference. And particularly in a case like this, which is a 2241 motion, which has to be brought in the district of confinement, where a petitioner might be moved about from one district, in fact, one circuit to another, it makes it much more difficult to, in a timely fashion, locate these cases. It's not like a Section 2255 motion, where the motion is brought in the same district in which the sentence is issued. It's very easy there to examine, has a prior motion been filed? And so, yes, this is something that could be waivable, but it's certainly within the discretion of this Court to rule against the petitioner on the abuse of the writ doctrine in order to preserve the integrity of those prior Third and Tenth Circuit opinions. Finally, I do want to make a reference to the separation of powers argument. This sort of comes up in two situations. First off, it seems very strange to me that invoking the separation of powers, that petitioner would be arguing that Federal authorities need to follow State court sentencing orders. That simply turns the separation of powers and de-Federalism on its head. And secondly, and this often comes up in the context of invoking Judge Fletcher's concurrence in Reynolds, whatever separation of powers issue might arise in the context of nunc pro tunc, all that could be used to do is to eliminate the program. But that obviously serves to no benefit of the petitioner, so it's very difficult to see how he would have standing to raise that challenge in the first place. And aside from the standing issue, which is, again, itself jurisdictional, it doesn't seem like there's any benefit to the petitioner by removing the one discretionary benefit that could provide relief to petitioners in his situation. If there are no further questions of the Court, I'm happy to submit further. Thank you, Mr. Schwab. Mr. Sady, I have a question for you. Yes, sir. The stipulated order signed by Judge Borrella-Shepard of January 25th, 2011. Yes. It says, because of the chronology of how the pleas and sentences were entered in the operation of federal law, it has become clear that it is not possible for the sentences to be served concurrently. That's then signed by Mr. Eppleston and by somebody named John Walker, who I guess was his lawyer. Yes. Why isn't that the end of the matter? Because that is not what, first of all, it was resolving an ongoing state matter that had been going on since 2003, that at that time, in fact, it had been denied, that after that time, Setzer came down, that there is nothing to stop him from asserting that the federal rights that were involved for full concurrency, non-proton, from the time of arrest, there's been nothing that impairs that. And what we have also is the miscarriage of justice exception to any procedural obstacles, where due to all of the previous cases have all depended on a misreading of 3585. My point is, you said we have to sort of rely on what the state judge's intention was, and I've just read you the most recent statement of what the state judge's intention was, to which Mr. Eppleston and his lawyer agreed. It was a compromise, I believe. Well, compromise, whether it was a compromise or rammed down his throat, that's what, that's the order. He cannot go back and say, state, please don't, of New Mexico, I should have fully concurrent. You should reduce it to nothing so that I get full credit. He can't do that. They got a benefit. That ended the state litigation. Well, but he got a benefit, too, which is why I asked you about judicial estoppel, which is not like other kinds of estoppel, because he is saying, I can't serve my federal concurrently, and he took that position in order to obtain a benefit from the state court, and now he's saying, well, I got that benefit, and now I'm going to take a different position and get a new benefit additionally. And that seems quite problematic to me. I am having trouble with the concept that because he is, every minute that he is in state custody is de facto consecutive. He has to. This is practically a contract of adhesion. He has to get out of state custody in order for his sentence to start. He does that. He makes an agreement with the state. He's not litigating any further with the state, but it says nothing about what's going on in federal court. And in federal court, we find out that, in fact, the reason he had to sign that and get out and stop the bleeding at nine years is because we've been misinterpreting the statute. We have been. We've been looking at this entire matter without the proper respect for state decisions. It's not a mere recommendation. That's what Setzer says. It's not a mere recommendation. Once the federal government in the third sentence has not taken that area of future sentences that they have to run consecutive, that was the whole reasoning of  That leaves a space, and that's why Bond is so important. Bond said you need a clear statement if the federal government is trying to move in on the state's power. There's no clear statement. The court should construe the federal statutes to provide for concurrency. Mr. Sady, during her exchange with the government, you heard Judge Graber read a little portion of Taylor, I think. Is it your view that that's not good law? Absolutely. The mere recommendation language was strictly based on the federal government in the third sentence of 3584A having taken control of future sentences. It's a statement that was confirmed, I believe, after Setzer. I don't. After Setzer, we have Montes Ruiz, in which this court agreed that the third sentence of 3584A does not apply to future sentences. That leaves a vacuum. Into that vacuum, respect for the state judgment should be proper. I know Judge Silverman is going to tell you time is up, but before you sit down, I've got to ask you a question, not particularly related to your argument. This is an appeal from the Central District of California, right? How has it become your case? Just out of curiosity. The panel granted a petition for rehearing on Bonk in which the plaintiff had indicated, the petitioner had indicated that and attached an article that I had written about concurrent and consecutive sentencing and why Bond and Setzer required a new look. And as a consequence, it was vacated and I was appointed to represent him. Thank you. Thank you. Case just argued is submitted. Thank you, gentlemen.
judges: Tashima, Silverman, Graber